1
2
3
4
5
6
7

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

8

CARL A. WESCOTT,

Plaintiff,

9

10

v.

11

GOOGLE LLC,

Defendant.

12

Case No.  24-cv-00497-VKD

**ORDER GRANTING APPLICATION
TO PROCEED IN FORMA PAUPERIS;
STAYING ORDER OF SERVICE; AND
SCREENING COMPLAINT UNDER 28
U.S.C. § 1915**

Re: Dkt. Nos. 2, 5

13

14          On January 26, 2024, Carl A. Wescott, proceeding pro se, filed a complaint against Google

15    for negligence, and seeking damages, declaratory relief, and injunctive relief.  Dkt. No. 1.  Mr.

16    Wescott also filed an application for leave to proceed in forma pauperis ("IFP").  Dkt. No. 2.  The

17    Court has consolidated the present action with Mr. Wescott's earlier-filed lawsuit, Case No. 5:23-

18    cv-06178-VKD *Wescott v. Google, Inc.  See* Dkt. No. 6.

19          For the reasons discussed below, the Court provisionally grants Mr. Wescott's IFP

20    application, but finds that his complaint fails to state a claim for relief.  Accordingly, the Court

21    stays service of process and grants Mr. Wescott leave to amend.  If he chooses to amend his

22    complaint, Mr. Wescott's amended pleading should be titled "Second Amended Complaint" and

23    should be filed in the lead case, Case No. 5:23-cv-06178-VKD *Wescott v. Google, Inc.*

24    **I.     IFP APPLICATION**

25          A court may authorize the commencement of a civil action IFP if the court is satisfied that

26    the would-be litigant cannot pay the filing fees necessary to pursue the action.  28 U.S.C

27    § 1915(a)(1).  In evaluating an IFP application, the court should "gran[t] or den[y] IFP status

28    based on the applicant's financial resources alone and then independently determin[e] whether to

dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[1]

The Court questions whether Mr. Wescott qualifies for IFP status, in view of allegations in his complaint indicating that this action concerns "Capital Ideas, WLL," which is identified as Mr. Wescott's "limited liability company, the party that is in contract with Epix Minerals . . . and many other clients to raise equity or debt capital for them" and is "in the business of making investor introductions that result in closed investment deals." Dkt. No. 1 ¶ 3.[2] Nevertheless, based on the information Mr. Wescott presents, under penalty of perjury, in his IFP application, the Court provisionally grants his application to proceed IFP.[3] However, for the reasons discussed below, the Court finds that Mr. Wescott's complaint is deficient and does not state a plausible claim for relief.

## II.    REVIEW OF COMPLAINT

While pro se pleadings are liberally construed, a complaint should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). A complaint must include facts that are "more than labels and conclusions, and formulaic recitation

---

[1] "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

[2] Additionally, to the extent Mr. Wescott's complaint indicates that Capital Ideas is a "party" whose interests he seeks to represent in this lawsuit, the Court notes that corporations may not proceed in litigation without counsel. *See* Civil L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *In re Highley*, 459 F.2d 554, 555 (9th Cir.1972) ("A corporation can appear in a court proceeding only through an attorney at law.").

[3] As acknowledged by Mr. Wescott in signing his IFP application, "a false statement [in his application] may result in the dismissal of [his] claims." Dkt. No. 2 at 4.

United States District Court
Northern District of California

1  of the elements of a cause of action will not do." *Id.* at 555.  "Threadbare recitals of the elements

2  of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*,

3  556 U.S. 662, 678 (2009).  Only plausible claims for relief will survive a motion to dismiss.  *Id*. at

4  679.  A claim is plausible if the facts pled permit the court to draw a reasonable inference that the

5  defendant is liable for the alleged misconduct.  *Id.*

6  In Mr. Wescott's earlier-filed case, he sought "declaratory relief to get his [G]mail

7  accounts back after they were taken over by criminals," and claimed that he "has had to sign up

8  for so many [Gmail accounts] due to the activities of a criminal-gang, the Bob Block criminal

9  gang, that stole many of his cell phones, SIM-hacked him, and took over email accounts, shutting

10  [Mr. Wescott] out," and "shut him out of his laptops as well," leaving Mr. Wescott "unable to

11  recover his [G]mail accounts." *See* Case No. 5:23-cv-06178-VKD, Dkt. No. 1 at 1; *see also id*.

12  ¶¶ 8-9.  The Court found that Mr. Wescott's complaint "fail[ed] to sufficiently identify a basis for

13  the Court's jurisdiction, and also fails to state a claim for relief." *See id*., Dkt. No. 4 at 1.  In

14  particular, the Court noted that Mr. Wescott's complaint did not provide a basis for either federal

15  question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332.  Additionally,

16  the Court found that the complaint "assert[ed] no facts and identifie[d] no claims establishing that

17  Google is liable for the injuries Mr. Wescott claims to have suffered, or that he is entitled to relief

18  against Google." *Id.* at 3.

19  In his complaint filed in the present action,[4] Mr. Wescott asserts federal diversity

20  jurisdiction, 28 U.S.C. § 1332, and claims that he has suffered hundreds of thousands of dollars in

21  damages due to lost "emails, including [G]mail accounts that were 'hijacked'" by "Mr. Block and

22  the Bob Block Criminal Gang." *See, e.g.*, Dkt. No. 1 ¶¶ 15, 32, 33, 38, 62.  Mr. Wescott alleges

23  that he "lost two dozen laptops+ that Mr. Block stole," as well as "over forty (40) highjacked

24  [G]mail accounts to Mr. Block and the Bob Block Criminal Gang." *Id.* ¶¶ 67, 69.

25  The complaint further alleges that "[b]ecause the Block Criminal Gang shut him out of

26

27  ───────────────

28  [4] As noted in the Court's order consolidating these cases (Dkt. No. 6), Mr. Wescott's more recent complaint appears to be his intended amended complaint that should have been filed in the earlier case, No. 5:23-cv-06178-VKD *Wescott v. Google, Inc.*

1   many of his laptops as well, [Mr. Wescott] has been unable to recover his [G]mail accounts using

2   the online recovery process."  *Id*. ¶ 68; *see also id.* ¶ 74.  While Mr. Wescott states that he "has no

3   issues with his [G]mail accounts themselves," he says that he has contacted Google by phone and

4   in writing to "get their help in getting his accounts back," and that thus far "despite his many

5   attempts to get back his [G]mail accounts with help from Google employees, [he] still does not

6   have the [G]mail accounts back, that he is the rightful owner of."  *Id*. ¶¶ 71-73, 75-77, 79.

7        Claiming that he has lost at least $200,000 in business opportunities, Mr. Wescott asserts a

8   sole claim for negligence, which alleges that "Google had legal duties to [Mr. Wescott], as a

9   customer of Google," and Google (through its employees) "shirked [its] duties" and was negligent

10  "in not helping [Mr. Wescott] get his [G]mail accounts back."  *Id*. ¶¶ 33, 86-94, 102-109.  He

11  seeks an order requiring Google to return his accounts to him; damages; "reasonable compensation

12  for the value of his time in representing himself while he cannot afford an attorney (*quantum*

13  *meruit*); "reasonable future attorney's and paralegal fees and costs," and "other and further relief

14  as this Court deems just and proper."  *Id*. ¶¶ 100-101; *see also id*. at 16.

15       "'The elements of a cause of action for negligence are (1) a legal duty to use reasonable

16  care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's

17  injury.'"  *Salazar v. McDonald's Corp*., 944 F.3d 1024, 1033 (9th Cir. 2019) (quoting *Mendoza v.*

18  *City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998)).  Although Mr. Wescott refers to

19  Google's "legal duties" to him "as a customer," he does not identify or describe any such duties.

20  Mr. Wescott may not rely on conclusory statements that Google breached unspecified duties owed

21  to him.  Rather, he must allege facts plausibly showing the existence of a duty and breach of that

22  duty.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action,

23  supported by mere conclusory statements, do not suffice.").  Furthermore, Mr. Wescott must

24  allege facts plausibly showing that the breach of duty caused the damage he claims.

25       While the Court questions whether he will be able to state a claim for negligence, Mr.

26  Wescott is given another opportunity to amend his complaint to correct the defects identified in

27  this order.  If Mr. Wescott chooses to file an amended complaint, he has until **March 15, 2024** to

28  do so.  Additionally, as noted above, his amended pleading must be titled "Second Amended

United States District Court
Northern District of California

Complaint" and must be filed only in the lead case, Case No. 5:23-cv-06178-VKD.  If Mr.

Wescott does not file a Second Amended Complaint by the ordered deadline, or if he cannot cure

the identified deficiencies, the Court will recommend termination and dismissal of the complaint

in whole or in part.

Mr. Wescott is reminded that the Federal Pro Se Program at the San Jose Courthouse

provides free information and limited-scope legal advice to self-represented litigants in federal

cases.  Information regarding the Program can be found at https://cand.uscourts.gov/pro-se-

litigants/the-federal-pro-se-program-at-the-san-jose-courthouse/.  Appointments may be scheduled

by calling 408-297-1480.

**IT IS SO ORDERED.**

Dated: February 22, 2024

Virginia K. DeMarchi
United States Magistrate Judge